IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN GARDNER REIFFIN,<br><br>    Plaintiff,<br><br>  v.<br><br>MICROSOFT CORPORATION,<br><br>    Defendant.<br>_____ / | No. C 98-00266 WHA<br><br>**ORDER PERMITTING WITHDRAWAL OF ATTORNEYS, DENYING RULE 60 MOTION, AND CLOSING THE CASE** |

## INTRODUCTION

In this patent-infringement action, all three of plaintiff's attorneys of record move to withdraw as counsel. For the reasons stated below, one withdrawal motion is **GRANTED**, and the other is **GRANTED** except as to the pending motion for attorney's fees. Additionally, plaintiff's *pro se* motion to vacate the stipulated judgment is **REINSTATED** and **DENIED**. The case will be closed, and the pending motion for attorney's fees will be the last proceeding. No more motions may be filed.

## STATEMENT

Plaintiff Martin Gardner Reiffin filed this patent-infringement action in 1998, alleging that Microsoft Corporation infringed two of his United States patents. In 2003, Microsoft's motion for partial summary judgment was granted based on a finding that one of the patents was invalid for lack of written description (Dkt. No. 579 at 1–2). In 2010, all claims of the other patent were cancelled by the United States Patent and Trademark Office following reexamination. A stipulated final judgment then was entered in favor of Microsoft in May 2010 (Dkt. No. 604).

1    Throughout this lengthy saga, plaintiff filed a steady stream of reconsideration motions
2 and appeals. They were resolved and exhausted without changing the outcome described above.
3 In April 2011, plaintiff Reiffin himself — despite being represented by counsel — made a series
4 of "pro se" filings in the district court. These filings, which have since been stricken as improper,
5 included a Rule 60 motion to vacate the May 2010 stipulated judgment and a motion for an
6 evidentiary hearing on the fraud allegations underlying the Rule 60 motion (Dkt. Nos. 628, 640).
7 Mr. Reiffin's desire to continue litigating this action despite his counsel's contrary advice
8 underlies one of the instant motions for leave to withdraw.

9    Mr. Reiffin currently is represented by Attorneys Norman H. Beamer and Jesse J. Jenner
10 of Ropes & Gray LLP, as well as Attorney Joseph L. Spiegel of Spiegel Brown Fichera &
11 Acard LLP. Attorneys Beamer and Jenner jointly request leave to withdraw as counsel, and
12 Attorney Spiegel moves separately for leave to withdraw (Dkt. Nos. 632, 645). Mr. Reiffin filed
13 responses to both motions (Dkt. Nos. 636, 654). This order follows a hearing attended by all
14 three moving attorneys, as well as Mr. Reiffin himself and counsel for defendant.

**ANALYSIS**

**1.    MOTIONS FOR LEAVE TO WITHDRAW AS COUNSEL.**

17    Pursuant to the Civil Local Rules, "Counsel may not withdraw from an action until
18 relieved by order of Court after written notice has been given reasonably in advance to the client
19 and to all other parties who have appeared in the case." Civ. L.R. 11-5(a). The April 12 and
20 May 17 filings of the instant motions provided adequate notice. All three attorneys have shown
21 good cause for their withdrawal, and withdrawal will be permitted with one caveat.

**A.    Attorneys Beamer and Jenner.**

23    Attorneys Beamer and Jenner represent that their client "has discharged the firm from its
24 representation of plaintiff in this matter." The only discharge evidence cited in their motion,
25 however, is the fact that Mr. Reiffin filed the "pro se" Rule 60 motion described above
26 (Dkt. Nos. 632, 638).

27    Mr. Reiffin timely filed a response to the withdrawal motion by his Ropes & Gray
28 counsel, but it did not indicate whether he opposes or acquiesces in their request for leave to

2

1 withdraw. Instead, the response explained Mr. Reiffin's views on how the withdrawal motion
2 provides support for the fraud theory underlying his Rule 60 motion (Dkt. No. 636). In a
3 subsequent filing regarding the hearing date, however, Mr. Reiffin stated that he consents to the
4 withdrawal of his Ropes & Gray counsel, subject to four conditions. The conditions include
5 recision of his contract with Ropes & Gray, agreement by Ropes & Gray "to abide by their
6 obligations under Rule 11(b)(2) and Rule 11(c)(5)(A) of the Federal Rules of Civil Procedure,"
7 and admissions by Ropes & Gray that the firm made certain statements and filings on his behalf
8 (Dkt. No. 654 at 3–4). At the hearing, Mr. Reiffin stated that his contract with Ropes & Gray
9 recently had been rescinded.

10 A letter from Attorney Beamer to Mr. Reiffin, dated March 15, 2011, was attached to
11 Mr. Reiffin's initial response to the motion. This letter helps illuminate the rift that has grown
12 between Mr. Reiffin and his Ropes & Gray counsel. The letter stated in pertinent part:

> We are of the opinion that any further effort on your part to pursue
> your infringement claims against Microsoft would be fruitless, and
> any attempt to interject averments of fraud would be without merit.
> As we informed you when the District Court case closed and you
> took your appeal, we will not take part in any further filings or
> submissions on your behalf other than to wind down the case, and
> in particular if you press the proposed fraud averment against
> Microsoft we will have to ask the court for permission to withdraw
> from the case . . . .

18 (Dkt. No. 636 at 3). Neither of Mr. Reiffin's responsive submissions addressed the reasons for
19 his attorneys' requests for leave to withdraw.

20 The California Rules of Professional Conduct permit withdrawal of an attorney whose
21 client "insists upon presenting a claim or defense that is not warranted under existing law and
22 cannot be supported by good faith argument for an extension, modification, or reversal of existing
23 law" or whose client "by other conduct renders it unreasonably difficult for the [attorneys] to
24 carry out the employment effectively." Cal. R. Prof. Conduct 3-700(C)(1).

25 The disagreement between Mr. Reiffin and his Ropes & Gray counsel regarding whether
26 to litigate further this fully litigated action, and in particular whether Mr. Reiffin's recent fraud
27 allegations have merit, is monumental. The March 15 letter and Mr. Reiffin's improper "pro se"
28 filings show that Mr. Reiffin and his Ropes & Gray counsel no longer are capable of working

3

1  together. These facts present precisely the sort of insurmountable barrier to functional
2  representation contemplated by Rule 3-700(C)(1).

### B. Attorney Spiegel.

Attorney Spiegel, on the other hand, seeks withdrawal for reasons unrelated to the condition of his relationship with his client. He explains that he agreed to "assist" plaintiff Reiffin eleven years ago and has been involved only with limited aspects of this action, including a 2003 motion to dismiss and a more recent appeal to the Court of Appeals for the Federal Circuit. Attorney Spiegel is now 77 years old and is winding down his practice. He works mostly from home and is "no longer interested in being involved in a case venued in California." Attorney Spiegel represents that he explained his preference to Mr. Reiffin and that Mr. Reiffin "understood and has consented to my withdrawal from this case" (Dkt. No. 645). Indeed, Mr. Reiffin unconditionally states that he "consents to the motion to withdraw by Mr. Joseph Spiegel" (Dkt. No. 654 at 3).

\*          \*          \*

Because his client consents, Attorney Spiegel's motion for leave to withdraw as counsel is **GRANTED**. The motion by Mr. Reiffin's Ropes & Gray counsel for leave to withdraw is **GRANTED IN PART AND DENIED IN PART**. The attorneys of record at Ropes & Gray will continue representing Mr. Reiffin in connection with the pending motion for attorney's fees. Their representation, however, will be limited to that issue and will not extend to other matters. Counsel must make their best effort to professionally represent their client's interests as to the fees motion, but if Mr. Reiffin insists upon an unwarranted or unethical course with respect to that motion, counsel may request further relief.

### 2. MOTION TO VACATE JUDGMENT.

As stated, Mr. Reiffin himself filed a "pro se" Rule 60 motion and related items while he was represented by counsel. Those filings were stricken as improper, because a represented party may speak only through his attorney (Dkt. No. 644). Now that Mr. Reiffin is represented by counsel only for the limited purpose of defendant's motion for attorney's fees, he is in fact proceeding *pro se* for purposes of all matters raised in the stricken filings. Accordingly, all of the

filings stricken by the May 12 order are hereby **REINSTATED**. Mr. Reiffin embedded a motion to vacate the May 12 order within one of his responses to the withdrawal motions (Dkt. No. 654 at 2). That motion is **DENIED AS MOOT**.

The reinstated Rule 60 motion is a nonstarter. Mr. Reiffin "moves under Rule 60(b)(3) and 60(d)(3) of the Federal Rules of Civil Procedure for an order vacating the summary judgment under 35 U.S. Code § 112 (¶ 1) entered by this district court on May 5, 2010, on the ground that the summary judgment was based on fraudulent evidence by defendant Microsoft Corporation" (Dkt. No. 628 at 1). The motion purports to attack a "summary judgment" entered on May 5, 2010, but the judgment entered that day was a *stipulated* judgment (Dkt. No. 604). Entry of that judgment was based on the parties' *agreement*; it did not derive from analysis of their arguments.

The substance of the motion is directed at the March 2003 summary judgment order, not the May 2010 stipulated judgment (*e.g.*, Dkt. No. 628 at 16). Mr. Reiffin seeks to re-litigate Microsoft's summary judgment motion from nearly a decade ago, based on allegations that Microsoft won its motion with fraudulent facts and arguments. This is not allowed. A Rule 60 motion based on fraud must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding" at which it is directed. FRCP 60(c)(1). The deadline for attacking the March 2003 summary judgment order based on alleged fraud has long passed.

Mr. Reiffin argues that his Rule 60 motion is founded on a mandate by the Court of Appeals for the Federal Circuit. At the hearing and in his filings, Mr. Reiffin stated that in an order dated February 16, 2011, the Court of Appeals "remanded" the action to this district court for factual findings on his fraud allegations (*e.g.*, Dkt. No. 654 at 2). This statement is false and misleading. The February 16 order merely denied Mr. Reiffin's motion to vacate reexamination rulings of the Patent and Trademark Office. The word "remand" appeared nowhere in the order, and no further proceedings were directed (Dkt. No. 654 at Exh. 1).

To the extent the Rule 60 motion is directed at the May 2010 stipulated judgment, Mr. Reiffin's fraud allegations are irrelevant. To the extent the Rule 60 motion is directed at the March 2003 summary judgment order, it is time-barred. Mr. Reiffin's Rule 60 motion is **DENIED**.

His motion for an evidentiary hearing on the fraud allegations underlying the Rule 60 motion is **DENIED AS MOOT**.

\* \* \*

The only motion that now remains pending is defendant's motion for attorney's fees. The fees motion is fully briefed, and it will be decided without oral argument unless otherwise provided. This action has been fully litigated, and the case shall be closed. No more motions may be filed. If Mr. Reiffin wishes to challenge any of the rulings herein, an appeal to the Federal Circuit Court of Appeals is the appropriate recourse.

**CONCLUSION**

Attorney Spiegel's motion for leave to withdraw as counsel is **GRANTED**. The motion by Mr. Reiffin's Ropes & Gray counsel for leave to withdraw is **GRANTED** save only that Attorneys Beamer and Jenner will continue representing Mr. Reiffin in connection with the pending motion for attorney's fees, but their representation will be limited to that issue. Plaintiff is now proceeding *pro se* for all other purposes.

The filings stricken by the May 12 order are **REINSTATED**. Plaintiff's motion to vacate the May 12 order is **DENIED AS MOOT**. Plaintiff's Rule 60 motion is **DENIED**. Plaintiff's motion for an evidentiary hearing on the fraud allegations underlying the Rule 60 motion is **DENIED AS MOOT**.

The only motion that remains pending in this action is defendant's motion for attorney's fees. The fees motion will be decided without oral argument unless otherwise provided, and this motion will be the final order of business in this fully litigated action. **THE CLERK SHALL CLOSE THE FILE.** No more motions may be filed. If Mr. Reiffin wishes to challenge any of the rulings herein, an appeal to the Federal Circuit Court of Appeals is the appropriate recourse.

**IT IS SO ORDERED.**

Dated: June 10, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

6