IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARTIN GARDNER REIFFIN,

    Plaintiff,

  v.

MICROSOFT CORPORATION,

    Defendant.

No. C 98-00266 WHA

**ORDER DENYING MOTION FOR ATTORNEY'S FEES**

## INTRODUCTION

In this unsuccessful patent-infringement action, defendant moves for a an award of attorney's fees. For the reasons stated below, the motion is **DENIED**.

## STATEMENT

Plaintiff Martin Gardner Reiffin filed this action in 1998, alleging that Microsoft Corporation infringed two of his United States patents, numbers 5,694,603 and 5,694,604. The complaint named more than two dozen of Microsoft's software products as accused products, including multiple versions of Windows, Office, Word, Excel, and Internet Explorer (Compl. ¶¶ 3, 6).

Both of the asserted patents purported to disclose inventions relating to a "multithreading computer system" in which "concurrent asynchronous preemptive time-sliced execution of a plurality of threads of instructions located within the same software program" took place. In the claimed multithreading system, control of the computer processor was "transferred repeatedly

1  back and forth between the threads [of instructions] so rapidly that the threads are run
2  substantially simultaneously" ('603 patent at abstract; '604 patent at abstract).

3      This action was vigorously litigated by both sides. Defendant filed six motions for
4  summary judgment (Dkt. Nos. 21, 133, 306, 370, 373, 540). Plaintiff filed a steady stream of
5  reconsideration motions and appeals alongside his own substantive motions. Two district judges
6  and several waves of counsel have seen this action through a bench trial, a reexamination
7  proceeding, and multiple appeals as well as active motion practice over the past thirteen years.

8      In 2003, the '603 patent was held to be invalid for lack of written description in a ruling
9  on defendant's fifth summary judgment motion (Dkt. No. 454 at 20). In 2010, all claims of
10 the '604 patent were cancelled by the United States Patent and Trademark Office following
11 reexamination. A stipulated final judgment then was entered in favor of defendant in May 2010
12 (Dkt. No. 604). All appeals and reconsideration motions have been resolved and exhausted
13 without changing this outcome.

14     Now that this lengthy saga has drawn to a close and defendant has emerged victorious,
15 defendant seeks a determination that this action was "exceptional" and an award of attorney's fees
16 under 35 U.S.C. 285. Plaintiff opposes. This motion was fully briefed a year ago, but was held in
17 abeyance until plaintiff's last appeal was resolved. It is now time to settle this final item of
18 business in this closed case.

### ANALYSIS

20     "The court in exceptional cases may award reasonable attorney fees to the prevailing
21 party." 35 U.S.C. 285. There are two different ways a patent-infringement case can qualify as
22 "exceptional" under Section 285. *First*, a case may be found exceptional if the losing party
23 engaged in misconduct during either prosecution or litigation of the patent in suit. The Federal
24 Circuit court of appeals has articulated this standard as follows:

> [A]n award of attorneys' fees is permissible when there has been some material inappropriate conduct related to the matter in litigation, such as willful infringement, fraud or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violates Fed. R. Civ. P. 11, or like infractions.

2

*Ilor, LLC v. Google, Inc.*, 631 F.3d 1372, 1376–77 (Fed. Cir. 2011) (internal quotations omitted). *Second*, a case may be found exceptional even in the absence of misconduct during prosecution or litigation if the prevailing party proves by clear and convincing evidence *both* of the following elements: (1) that "the litigation is brought in subjective bad faith" and (2) that "the litigation is objectively baseless. These requirements for establishing that a case is exceptional under Section 285 are an "exacting standard." *Id.* at 1377.

Defendant has not met its burden of showing that this case was exceptional under either measure. Defendant accuses plaintiff of having "manipulated our country's patent system" and "misuse[d] our country's judicial system." Specifically, defendant asserts that plaintiff "copied preemptive multithreading from Microsoft, pretended to the Patent Office that he had invented that preemptive multithreading years earlier, and obtained two patents supposedly covering that subject matter, which he did not invent . . . [and] then sued Microsoft" (Br. 1). If true, such a ruse would indeed be exceptional. Defendant, however, does not cite any support for these accusations and does not rely upon them as the basis for its fees motion.

Instead, defendant argues that plaintiff made "irreconcilable representations" about two key issues over the course of the action (*ibid.*). According to defendant, plaintiff's shifting positions on these two issues show that he brought his case in bad faith and that it was baseless (*id.* at 4). This order disagrees. The portions of the record cited by defendant do not establish by clear and convincing evidence that plaintiff's case was objectively baseless. Nor do they show that plaintiff made affirmative misrepresentations amounting to litigation misconduct. *Cf. Old Reliable Wholesale, Inc. v. Cornell Corp.*, 635 F.3d 539, 549 (Fed. Cir. 2011) (noting that findings of litigation misconduct had been affirmed where a party made "multiple, repeated misrepresentations" to the court and where a party "blatantly misled[] the PTO").

*First*, defendant asserts that plaintiff took inconsistent positions regarding the effective filing date for his patents. The '603 patent issued from a 1990 application that was a continuation of earlier applications filed in 1985 and 1982 ('603 patent). The '604 patent issued from a 1994 application that was a continuation of the 1990, 1985, and 1982 applications ('604 patent). Defendant cites three statements plaintiff made about the effective filing date for these patents.

3

During prosecution, plaintiff claimed entitlement to an effective filing date of 1982 and admitted that an effective filing date "as late as 1992" would render his patents "clearly anticipated" (Siegel Exh. M at JTEX02069–70). In the complaint, he also claimed an effective filing date of 1982 (Compl. ¶ 6). Defendant's initial disclosures of prior art included only references that pre-dated plaintiff's claimed 1982 effective filing date. On appeal, plaintiff then took the position that he did not *need* the 1982 filing date for purposes of this action, because no post-1982 prior art had been disclosed by defendant (Br. 9; Opp. 12–13). Plaintiff's attempt to outrun invalidating prior art by whipsawing his opponent may have been a poor litigation strategy, but it did not involve "irreconcilable representations" as defendant claims.

*Second*, defendant asserts that plaintiff took inconsistent positions regarding the operation of the editor-compiler system described in his patents. Specifically, defendant argues that plaintiff "took a 'zig-zag' course" with respect to whether the editor component was interruptible (Br. 5). The record, however, does not show such direct contradictions. For the majority of the time this action was pending, plaintiff insisted that the editor was interruptible. Defendant identifies only two periods of time during which plaintiff described the editor as not being interruptible. One of those periods began in 2009, *after* the district court, the court of appeals, and the USPTO all found that the editor could not be interrupted. Plaintiff's concession of defeat on this issue is not irreconcilable with the contrary position he took in the years leading up to the unfavorable findings (Br. 7–8).

The other period of time was at an earlier stage of the action. In 2001, plaintiff provided a written discovery response that the editor "may not be interrupted" and deposition testimony that the editor "cannot be preempted" (Siegel Exh. C at 9; Siegel Exh. E at 69). A few weeks later, however, he supplemented and corrected those statements. The supplemental response indicated that a particular embodiment disclosed "the clock-activated interrupt of the editor" (Siegel Exh. D at 13). The corrected testimony added that "the interrupts are not disabled during the editor operation" and expanded original testimony that the patents describe interruption *but not preemption* of the editor (Siegel Exh. F at 5, 10) (emphasis added). According to plaintiff, these adjustments were a good-faith correction of a mistake. Plaintiff claims to have realized and

4

promptly notified defendant that his initial responses were mistaken because one particular embodiment, under specific and rare circumstances, would involve interruption of the editor (Opp. 7–9). Indeed, plaintiff consistently maintained his revised position until it was defeated nearly a decade later. Defendant has not shown that plaintiff's initial discovery response was anything other than a short-lived mistake. Defendant cites earlier statements by plaintiff concerning *preemption*, but both plaintiff's corrected and uncorrected deposition testimony indicates that preemption and interruption are distinct issues. Moreover, the cited statements concern preemption generally and do not specifically address the editor component of plaintiff's patents (Br. 5–6).

This thirteen-year patent-infringement battle royale certainly was unusual. Defendant, however, has not carried its burden of showing that the action was exceptional for purposes of Section 285. The record does not support defendant's assertion that plaintiff made "irreconcilable representations" concerning the effective filing date for his patents or the operation of the editor they purported to disclose. The evidence cited by defendant does not show that plaintiff engaged in litigation misconduct, nor that plaintiff's action was objectively baseless. Accordingly, the motion for attorney's fees is **DENIED**.

**CONCLUSION**

For the reasons set forth above, defendant's motion for an award of attorney's fees is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 21, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5